Citation Nr: 1101580 
Decision Date: 01/13/11 Archive Date: 01/20/11

DOCKET NO. 06-34 877 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the 
Commonwealth of Puerto Rico


THE ISSUES

1. Entitlement to service connection for posttraumatic stress 
disorder. 

2. Entitlement to service connection for diabetes mellitus, Type 
II. 

3. Entitlement to service connection for peripheral neuropathy 
of the left upper extremity as secondary to diabetes mellitus, 
Type II. 

4. Entitlement to service connection for peripheral neuropathy 
of the right upper extremity as secondary to diabetes mellitus, 
Type II. 

5. Entitlement to service connection for peripheral neuropathy 
of the left lower extremity as secondary to diabetes mellitus, 
Type II. 

6. Entitlement to service connection for peripheral neuropathy 
of the right lower extremity as secondary to diabetes mellitus, 
Type II. 

7. Entitlement to service connection for refractive error, 
secondary to diabetes mellitus, Type II. 

8. Entitlement to service connection for senile cataracts, 
secondary to diabetes mellitus, Type II. 

9. Entitlement to service connection for a pterygium of the left 
eye, secondary to diabetes mellitus, Type II. 

10. Entitlement to service connection for glaucoma, secondary to 
diabetes mellitus, Type II. 

11. Entitlement to service connection for arterial hypertension, 
secondary to diabetes mellitus, Type II. 


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney at 
Law


ATTORNEY FOR THE BOARD

C. R. Olson, Counsel


INTRODUCTION

The Veteran served on active duty from January 1966 to December 
1967. 

This matter comes before the Board of Veterans' Appeals (Board) 
on appeal from a February 2006 decision by the Department of 
Veterans Affairs (VA) Regional Office (RO) in San Juan, the 
Commonwealth of Puerto Rico. 

In May 2009, the Board denied the Veteran's appeal of the above 
captioned claims. He appealed to the United States Court of 
Appeals for Veterans Claims (Court). In December 2009, pursuant 
to a Joint Motion for Remand (JMR), the Court vacated the Board's 
decision and remanded the matter for compliance with the JMR. 

The appeal is REMANDED to the Department of Veterans Affairs 
Regional Office. VA will notify the appellant if further action 
is required.


REMAND

While recent records are in English, the JMR notes that some of 
the older records, including a hearing transcript, are in Spanish 
and do not have English translations associated with them. The 
JMR asserts that the failure to translate the evidence into 
English is an implicit violation of VA's duty to assist the 
Veteran under the provisions of the Veterans Claims Assistance 
Act of 2000 (VCAA). 

Accordingly, the case is REMANDED for the following action:

1. The RO should review the claims 
folder. Any untranslated documents should 
be translated into English. 

2. Thereafter, the RO should readjudicate 
this claim in light of any evidence added to 
the record. If any benefit sought on appeal 
remains denied, the appellant and his 
representative should be provided a 
supplemental statement of the case (SSOC). 
An appropriate period of time should be 
allowed for response.

Subsequently, the case should be returned to the Board, if in 
order. The Board intimates no opinion as to the ultimate outcome 
of this case. The appellant need take no action unless otherwise 
notified.

The appellant has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals for 
Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. 
§§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
J. A. MARKEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a decision 
of the Board on the merits of your appeal. 38 C.F.R. 
§ 20.1100(b) (2010).